AMERICAN STORAGE & MOVING COMPANY, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 1, 1912. Opinion Filed May 7, 1912. Motion for Rehearing Overruled July 19, 1912.

PRINCIPAL AND AGENT: Evidence: Admissions of Agent: Evidence of Agency. In an action against a railroad company for conversion of a shipment of goods, uncontradicted evidence that plaintiff, having gone to the general freight office of defendant relative to the shipment, an undisputed agent of defendant pointed out to him, as the chief clerk of defendant and in charge of the matter, a person sitting at a desk in such office, ostensibly engaged in defendant's business, and that such person took up the matter with plaintiff in a manner showing he was familiar with it and that it was within his charge, was sufficient to establish his agency for defendant, so as to render his conversation on such occasion, relative to the shipment, admissible in evidence against it.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*N. S. Brown* and *Bates, Blodgett, Williams & Davis* for appellant.

(a) The testimony of witness Russell was improperly admitted in evidence. (b) Without the testimony of witness Russell, no evidence was adduced of the wrongful delivery of the shipment and defendant's demurrer to the evidence should have been given. Spencer v. Ins. Co., 112 Mo. App. 86; McGraw v. O'Neil, 123 Mo. App. 699; 2 Cook on Corporations (6 Ed.), p. 2363.

*B. O. Davidson* and *A. R. Russell* for respondent.

The testimony of witness Russell, as to admissions of the chief clerk of the freight department of the defendant relative to wrongful delivery, was properly admitted in evidence, the circumstances sufficiently identifying the chief clerk as agent of the defendant, and the subject-matter being within the apparent scope of his duties. Council v. Railroad, 123 Mo. App. 437; Ingalls v. Averitt, 34 Mo. App. 371; Tel. Co. v. Wells, 39 So. 838, 2 L. R. A. (N. S.) 1077.

REYNOLDS, P. J.—This case comes to us on a second appeal, the first by plaintiff from the action of the trial court in directing a verdict for defendant; this present appeal from a verdict in favor of plaintiff. The facts of the case are set out in the statement made by Judge GOODE when the case was previously before this court. As the facts on the present trial are practically as in the former trial, it is hardly necessary to do more than refer to the report of the case as found under the title American Storage & Moving Company v. Wabash Railroad Company, 146 Mo. App. 224, 123 S. W. 964. In the present appeal by the defendant from an adverse verdict, it is very earnestly insisted that the fundamental error in the case was in admitting in evidence the testimony of a witness for plaintiff as to his conversation with a person, whom the witness understood to be the chief clerk of the freight department of the defendant company. We therefore give that more at length than as before reported. The testimony of the witness as to this conversation, as set out by appellant's counsel in their statement and brief, is to the effect that this witness "called at the general freight office of the defendant, in the Lincoln Trust Building, St. Louis, Mo., and made inquiries there as to whether or not delivery had been made of the goods; that he made two visits without being able to ascertain whether goods had

been delivered, or where they were; then on the third visit he was referred by the clerk, called the 'tracing clerk' to another clerk in that department, whom the tracing clerk said was the chief clerk of the general freight department; that he asked the last-named clerk what had been done with the car, and the clerk replied, 'We delivered the car to Mr. Leigh;' that he asked him why he had made delivery without taking up the receipt given at the time the shipment was made, to which the clerk replied, 'that Mr. Leigh had given a bond to indemnify them against damage for making a delivery without taking up the receipt.' '' So far from the brief of appellant. Referring to the record itself, it appears that when this statement of the gentlemen, who is claimed to have been the chief clerk of the general freight department, was made to the representative of plaintiff, that the latter said to this person that it seemed that the only thing that was left for plaintiff to do was to bring a suit against the Wabash Railroad Company for its conversion of the goods, to which this person answered, ''Yes, that is the only thing you can do. Mr. Leigh objects to the amount of these storage charges, and the company and Mr. Leigh ought to get together, and if they can't agree on this the only thing you can do is to sue this company, and Mr. Leigh can come in and defend. It is nothing to the Wabash Company one way or the other, for we are fully indemnified by the bond of Mr. Leigh.'' It very clearly appears that when the agent of plaintiff had not only gone in person to this general freight office of the defendant company but had called it up over the telephone, to inquire about this missing shipment, and when on this last occasion, which was his third visit to this known general freight office of the Wabash Railroad Company, in the city of St. Louis, and again made inquiry of a clerk in that office as to whether or not a delivery had been made of the goods, he was referred by that clerk to a gen-

tleman sitting at a desk there and whose name was given to the witness at the time but whose name the witness, at the trial, was unable to recall. The witness testified that he addressed this gentleman by name; that he was sitting at a desk in the general freight office and appeared to be in charge of the matter and was the gentleman to whom the witness had been referred by the tracing clerk of the defendant, with whom he had had the previous conversations. He gave the name of the tracing clerk and stated that this all occurred at the general offices of the Wabash Railroad Company in the Lincoln Trust Building in St. Louis, in the general freight department. This tracing clerk in the office, with whom he had had previous conversations in an endeavor to trace the shipment, told him, on the last occasion of his visit there, that the chief clerk had charge of the matter, naming him and pointing him out, "as over at that desk and you will have to take up the matter with him." Whereupon witness went to this gentleman, addressing him by name, and stated to him that his business was to find out what had become of the carload of goods shipped by the American Storage & Moving Company on the date named. Whereupon this gentleman gave him the information above set out.

It is strenuously argued that this is no sufficient identification of the person named as an agent of the defendant, or that he was at the time in the discharge of his duty as such agent, or that the information was given by him in the line of his duty. Hence it is argued that the declarations of this person are not binding upon this defendant and that the conversation had with him should not have been admitted. We cannot agree to this. There is no contradiction whatever in the record of this testimony of the agent of the plaintiff. It was had in a known office of the defendant; with a person pointed out by an undisputed employee of defendant there in that office, as the chief clerk of

that department; the latter sitting at a desk in that office, ostensibly engaged there in the business of the defendant, and who took up the matter in a manner showing that it was one with which he was familiar. This conversation concerning it bore intrinsic evidence of the fact that it was a matter within his charge. Uncontradicted and believed, it established agency. If it is true that the conversation did not take place between the agent of plaintiff and one who in fact was at the time the chief clerk of the freight department of the defendant, and in charge of this matter for defendant, disproof of that was within the power of defendant; it was an easy matter for the defendant to have called its chief clerk and have him either give his version of the conversation or deny the conversation *in toto*. That was testimony peculiarly within the power of the defendant to produce and it utterly failed to do so. That failure was obvious to court and jury. This is the real point of the contention of the defendant for a reversal of this case, and we hold it untenable. We hold that there was evidence to show that the person with whom the conversation was had, was the representative of defendant, and that the conversation with him was properly admitted.

The instructions given at the instance of plaintiff, submitting the question of this agency to the jury, were proper. While on the present trial two instructions were given at the instance of plaintiff, of which some criticism is made, they substantially follow the law as laid down by this court as applicable when the case was previously before us. The criticisms now made on these instructions by learned counsel for the defendant are more verbal than substantial.

We hold that the case was properly presented to the jury on the law, and the questions of fact being for the determination of the jury, their verdict is conclusive. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.